**UNITED STATES DISTRICT COURT FOR THE
DISTRICT COURT OF NEW JERSEY**

| | |
|---|---|
| JOEY M LOPEZ, | : Civil Action No. |
| Plaintiffs, | : |
| vs. | : |
| | : **JURY TRIAL DEMANDED** |
| NAVY FEDERAL CREDIT UNION, | : |
| Defendant. | : |

**COMPLAINT – CLASS ACTION**

## I. Introduction

This case concerns a portion of the finance industry related to the third largest source of household debt in the United States. Specifically, Plaintiff in this action is challenging the business practices of Defendant Navy Federal Credit Union in direct financing of automobile purchases in relation to their foundational duties under the Equal Credit Opportunity Act, 28 U.S.C. § 1691, *et seq.* ("ECOA"). In support of his claims, Plaintiff says:

## II. Jurisdiction and Venue

1. Jurisdiction arises under 15 U.S.C. §1640(e), 1691e(e) for claims under the Equal Credit Opportunity Act, 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiffs' state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

## III. Parties & Non-Parties

3. Plaintiff, JOEY M LOPEZ, is an adult individual residing at 1101 N 23rd St., Apt. A, Camden NJ 08105.

3. Defendant, NAVY FEDERAL CREDIT UNION ("NFCU") is a corporation licensed to do business in the State of New Jersey, regularly conducting business therein, and having a principal place of business at 330 Cooper St Camden NJ 08102. At all times relevant herein, NFCU conducted business in the State of New Jersey financing retail sale installment contracts (or considering whether to buy) from approved motor vehicle dealers. In relation to the claims asserted in this Amended Complaint, NFCU:

   a. Qualifies as a creditor under ECOA as defined in 15 U.S.C.A. § 1691a(e) since it regularly arranges for the extension, renewal, or continuation of credit; and regularly acts an assignee or potential assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

   b. Qualifies as a "user" under the Fair Credit Reporting Act, ¶ 1681, *et seq.* ("FCRA"). *See e.g. Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 973 (4th Cir. 1987).

4. Not named as parties to this action are various "Credit Reporting Agencies" ("CRAs") as that term is defined under the FCRA, including TransUnion LLC, Experian Information Solutions Inc., and Equifax Information Service, LLC, which have written contracts with NFCU which (i) permit NFCU access to credit information related to the Plaintiffs and putative class members and (ii) allow NFCU to furnish credit information about their customers to the CRAs which the CRAs may publish and sell to others. In these contractual relationships with the CRAs. NFCU agreed:

   a. The CRAs would provide services to NFCU for a fee by which NFCU can acquire consumer credit information about the Plaintiffs and putative class members.

    b. That when they utilize the CRAs' systems to acquire consumer credit information they had a permissible purpose for doing so.

    c. To secure the consumer credit information acquired by them from the CRAs in a safe and reasonable manner and only permit authorized employees to have access to the information.

    d. That the CRAs could also utilize NFCU's 's customer information to sell that consumer credit information to others.

    e. That NFCU would certify to the CRAs the accuracy of the customer information conveyed by them to the CRAs and also would promptly notify the CRAs of any inaccuracies so that the false information could be corrected.

    f. That the CRA's and NFCU would exchange the consumer credit information about (i) the Plaintiffs and putative class members and (ii) NFCU's 's electronically in data form which would become part of the commerce of electronic, consumer information that could be used for reporting purposes.

**IV.   Factual Allegations**

5.   At all times relevant hereto, Defendant acted by and through their agents, servants, and employees who acted entirely within the scope of their actual and apparent authority and within the course of their employment.

6.   On or about October 28, 2022, Plaintiff applied for credit with Defendant to purchase a private seller's 2019 Honda Civic automobile, VIN # 2HGFC2F63KH518676. To do so, Plaintiff completed Defendant's standard form credit application.

7.   On or about October 24, 2022, Defendant notified Plaintiff that he was approved

for a secured loan in the amount of $23,000.00.

8. On or about October 31, 2022, Defendant presented to Plaintiff and Plaintiff executed a secured Promissory Note for the approved loan amount of $23,000.00 (hereinafter "the Note").

9. At the time Plaintiff signed the Note Defendant's standard form credit application signed by Plaintiff was complete.

10. Shortly after Defendant had approved his application for credit, Plaintiff, intending to transfer funds to the vehicle's seller to acquire the vehicle, consulted his NFCU banking app on his phone and saw that the loan had disappeared from the app and that Defendant had, contrary to all written indications until such time, denied or withdrew its approval of credit for the loan to Plaintiff reflected by the Note.

11. Plaintiff confirmed the loan funds were not in his bank account at NFCU by placing a telephone call to NFCU.

12. Thereafter, Plaintiff placed several calls to NFCU to understand why his loan request had been denied and was promised by NFCU that he would receive a letter regarding same.

13. Plaintiff never received from NFCU any correspondence explaining the adverse action taken by it to decline Plaintiff's credit request.

14. Had NFCU actually and timely adhered to ECOA, Plaintiff would have received the material information Congress intended for him have when an adverse action was taken by a creditor on his completed credit application.

**V.   Class Action Allegations**

15. The Plaintiff bring certain claims, *infra*., on behalf of a class of similarly situated persons related to Defendant NFCU under FED.R.CIV.P. 23.

16. The Plaintiff proposes a definition of the NFCU CLASS as follows:

All natural persons with addresses within the State of New Jersey who (i) applied directly or indirectly for credit from NFCU in the five-year period before the commencement of this action either directly or through a third party, and (ii) NFCU failed to provide the individual a written notice, in a form similar to Exhibit B, more than thirty days after NFCU received the application and, if the notice was provided at all, the written notice declined the application for credit.

17. The Plaintiff qualify as members of the NFCU CLASS and propose to be appointed by the Court as the Named Plaintiff for the NFCU CLASS.

18. Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of the Defendant; (ii) a relative of an employee or independent contractor of the Defendant; or (iii) an employee of the Court where this action is pending.

19. The NFCU CLASS definitions in ¶ 16 may be amended or modified.

20. Named Plaintiff do not know the exact size or identities of the NFCU CLASS since most of the information is in the exclusive control of Defendant and its authorized vendors and contractors. Certain information may be reported by the Defendant to the State of New Jersey pursuant to state law and may also be part of the public records. Named Plaintiff believe that, based upon public reporting by NFCU and its affiliates, the NFCU CLASS encompasses many hundreds of individuals whose identities can be readily ascertained from their own records and books as well as public records. Therefore, the proposed NFCU CLASS are so numerous that joinder of all members of each is impracticable.

21. In addition, the members of the NFCU CLASS are capable of being identified without difficult managerial or administrative problems. NFCU maintains electronic records that track information about borrowers and their loans and any correspondence sent to borrowers to enable it to identify particular categories of borrowers from its electronic systems. To comply with ECOA NFCU must establish records systems to demonstrate their compliance to the public enforcement agencies upon inspection.

22. There are questions of law and fact common to the NFCU CLASS which predominate over any questions affecting only individual members of the putative classes and, in fact, the wrongs alleged against NFCU by the NFCU CLASS members and the remedies sought by the NFCU CLASS members against NFCU are identical.

23. The common issues related to the NFCU CLASS members include but are certainly not limited to whether NFCU maintains practices and procedures to timely disclose adverse action upon a consumer's credit application within the time period required by ECOA.

24. There are also questions of law and fact that are common to the NFCU CLASS and predominate over any questions affecting only individual members of the NFCU CLASS. These questions include, but are not limited to the following:

    a. the nature, scope and operation of NFCU's obligations to consumer borrowers under its auto finance business which involves purchases of auto loans on the secondary market for the purpose of continuing the credit arrangements for borrowers related to ECOA;

    b. whether NFCU's failure to provide a timely, written acknowledgement of its decision whether to acquire borrower's credit accounts and continue the credit extended of the members of the NFCU CLASS within thirty days of an

      application is a violation of NFCU's duty of good faith and fair dealing to the NFCU CLASS;

c. whether NFCU's conduct violates the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 e*t seq*. and its implementing regulations;

d. whether there are more than 50 borrowers who are members of the NFCU CLASS;

e. whether NFCU should be enjoined from continuing to access the credit information for consumer borrowers, directly or indirectly, concerning NFCU CLASS members without providing timely acknowledgement of its decision related to whether or not to continue the credit relationship;

f. whether NFCU's violation of ECOA entitles the NFCU CLASS to statutory damages and nominal actual damages related to the transmission of untimely notices of its decision to continue the credit of the class borrowers; and

g. whether Class Counsel should be entitled to the attorney fees, litigation costs, and court costs allowed and claimed in this civil action.

25.    Plaintiff' claims are typical and the same or identical for each of the member of the NFCU CLASS and will be based on the same legal and factual theories identified *supra*.

26.    NFCU's defenses (which defenses are denied) would be typical and the same or identical for each of the member of the NFCU CLASS and will be based on the same legal and factual theories.

27.    The Plaintiff will also fairly and adequately represent and protect the interests of the NFCU CLASS members. Plaintiff have retained counsel experienced in consumer class actions including actions involving unlawful collection and lending practices. Plaintiff do not

have any interests which might cause them not to vigorously prosecute this action or are otherwise adverse to the interests of the members of the Class.

28. Certification of the Class under Fed. R. Civ.P. 23(a) and 23(b) and 15 U.S.C. § 1691e(c) for the injunctive and declaratory relief sought and for the damages claims in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of claims by the NFCU CLASS members, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

29. Plaintiff' claims are typical of the claims of the NFCU CLASS members.

30. Plaintiff will fairly and adequately protect the interests of all NFCU CLASS members in the prosecution of this action. The Plaintiff are similarly situated with, and have suffered similar injuries as, the members of the NFCU CLASS they seek to represent. The Plaintiff (i) feel that they have been wronged, (ii) wish to obtain redress of the wrong, and (iii) want Defendant stopped from untimely compliance with decision on adverse applications.

31. The NFCU CLASS members have suffered damages, losses, and harm similar those sustained by the Plaintiff and described above. The Class members and Plaintiff are also entitled to statutory, punitive damages under ECOA.

## VI. Causes of Action

### COUNT I – VIOLATION OF ECOA
(Plaintiff v. Defendant NFCU (CLASS CLAIM on behalf of the NFCU CLASS)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint.

33. Each Plaintiff and all members of the NFCU CLASS are "applicants" as the term is defined in the ECOA, 15 USC §1691a(b).

8

34. In relation to the Plaintiff and each member of the NFCU CLASS, NFCU is a "creditor" as the term is defined in the ECOA, 15 USC §1691a(e). NFCU regularly extends credit or continues credit it acquires directly or through the secondary, auto finance market by and through ROUTE 22 and other UNKNOWN DEALERS AND AGENTS.

35. 15 U.S.C §1691(d)(1) provides that "within thirty days…after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application."

36. The accompanying Regulation B, issued by the Board of Governors of the Federal Reserve System pursuant to ECOA, further provides: "A creditor shall notify an applicant of action taken within…30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application." 12 C.F.R §202.9(a)(1)(i).

37. The term "credit" means the right granted by a debtor to defer payment of a debt or to incur debts and defer its payment…and defer payment thereof. 15 U.S.C. § 1691a(d); 12 C.F.R. §202.2(j).

38. The Note and similar agreements entered into by the NFCU CLASS members qualify by their terms as applications for "credit" as defined by 15 U.S.C. § 1691a(d) and 12 C.F.R. §202.2(j).

39. Plaintiff and each member of the NFCU CLASS completed a credit application and/or one was completed on their behalf by NFCU in connection with their purchase of their vehicles.

40. The non-existent and/or untimely denial of credit by NFCU described herein related to the Plaintiff constituted an "adverse action" as the phrase is defined in the ECOA, 15 USC §1691(d). NFCU also failed or sent similar untimely, credit denial letters to the NFCU

CLASS members which also constituted an "adverse action" as the phrase is defined in the ECOA, 15 USC §1691(d).

41. In failing to timely notify the Plaintiff and the NFCU CLASS members' applications for credit in a manner required by the federal and state regulations, NFCU effectively denied the ECOA Class members credit. *Piotrowski v. Wells Fargo Bank, N.A.*, No. CIV.A. DKC 11-3758, 2013 WL 247549, at *9 (D. Md. Jan. 22, 2013)("Failing to act on an application for credit is a *de facto* denial").

42. The above failure of NFCU to notify and acknowledge in writing to the NFCU CLASS members and Plaintiff within thirty days from receipt of their completed application for credit as mandated by 15 U.S.C §1691(d)(1) and 12 C.F.R §202.9(a)(1)(i) was a substantive violation of ECOA.

43. Under the provisions of the ECOA, NFCU was required to give notice to Plaintiff and the NFCU CLASS members of its decision on their credit applications within 30 days of receipt, Reg. B § 1002.9(g).

44. NFCU failed or refused to provide timely written notice to Plaintiff and the NFCU CLASS members within thirty (30) days in violation of 15 USC §1691d. As a result, NFCU acted in bad faith, unfairly, and otherwise improperly in relation to its duties under the ECOA.

45. NFCU, at all times relevant and material to this action, was and continues to be required to maintain such records or other data relating to such loans of the Plaintiff and NFCU CLASS members as may be necessary to evidence compliance with ECOA or to enforce any action pursuant to the authority under the Act, 15 USC §1691b.

46. As a result of the above ECOA violations, the Plaintiff and NFCU CLASS has suffered substantial actual damages in the following:

   a. the loss of the NFCU CLASS' rights to explain or quickly rectify and address any errors or problems in their applications for credit;

   b. the loss of the credit itself; and

   c. frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

47. As a result of the above alleged ECOA violations, NFCU is liable to the Plaintiff and the NFCU CLASS for actual damages pursuant to 15 U.S.C. §1691(e)(a), for punitive damages against NFCU pursuant to 15 U.S.C. §1691e(b) and for attorney's fees and costs pursuant to 15 U.S.C. §1691(e)(d) and 12 C.F.R. §202.16(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the putative class members respectfully pray that judgment be entered against the Defendant for the following:

   (i) The Court certify the NFCU CLASS and appoint the Plaintiff as class representative and their counsel as Class Counsel;

   (ii) The NFCU CLASS and Plaintiff be awarded actual damages in a sum of no less than $10 per ECOA Class Member pursuant to 15 U.S.C. §1691e(a).

   (iii) Punitive Damages in the amount of $500,000 against NFCU pursuant to 15 U.S.C. §1691e(b).

   (iv) Attorney's fees and costs pursuant to 15 U.S.C. § 1691e(d).

   (v) The NFCU CLASS members and Plaintiff are also entitled to equitable relief pursuant to 15 U.S.C. § 1691e(c) and Fed.R.Civ.P. 23 against NFCU and ask this

Court to: (i) enter an Order declaring that NFCU's conduct is a violation of ECOA and demonstrates unclean hands, insofar as it failed to provide timely notices to Plaintiff and the NFCU CLASS members of its actions on their applications for continuation of their credit within thirty day from receipt of the NFCU CLASS members' applications for credit to continue their automobile loans; and (ii) require delivery of ECOA Complaint notices in all future instances

(vi) Such other and further relief as the Court shall deem just and proper.

## TRIAL BY JURY

115. Plaintiff are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Law Office of Michael F. Niznik

Dated: 4/4/2023

/s/ Michael F. Niznick
LAW OFFICE OF MICHAEL F. NIZNIK
By:    Michael F. Niznik, Esquire
1500 Walnut Street
Suite 900
Philadelphia, PA  19102
(267) 589-0601
Michael@NiznikLaw.com

/s/Robert P. Cocco
Robert P. Cocco, Esquire
1500 Walnut St., Ste. 900
Philadelphia, PA  19102
(215) 351-0200
bob.cocco@phillyconsumerlaw.com
*Pro Hac Vice pending*

/s/ Phillip R. Robinson
Phillip R. Robinson
*Pro Hoc Vice Admission Forthcoming*
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com
*Pro Hac Vice pending*